(93 South. 48)

### SNEAD v. STATE. (4 Div. 774.)

(Court of Appeals of Alabama. April 11, 1922.)

**1. Extradition ⬡=37—Felon fleeing from another state may be apprehended in this state.**

Under Code 1907, § 6939 et seq., providing for arrest of fugitives from justice, a fugitive from another state may be apprehended and detained in this state to await a requisition from the executive of the other state and the issuance of the warrant of the executive of this state.

**2. Habeas corpus ⬡=3—Writ will not lie before investigation of charge under which fugitive from other state was apprehended.**

Where a fleeing felon from another state was arrested in this state under a warrant issued as authorized by Code 1907. §§ 6941, 6942, and an exemplified copy of the indictment from the other state, and the arrested person was properly identified as the one named in the indictment, a writ of habeas corpus will not lie before an investigation, unless the investigation is unnecessarily delayed, as provided by section 6943.

Appeal from Probate Court, Houston County; S. W. Burkett, Judge.

Jesse Snead brought habeas corpus for his discharge from custody, and from an order dismissing his petition, and remanding him to the agent of the state of New Jersey, he appeals. Affirmed in part, and reversed for proper disposition.

Espy & Hill, of Dothan, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The defendant was arrested by W. R. McBryde, chief of police of the city of Dothan, Ala., and confined in the city prison. On September 20, 1921, petitioner sued out a writ of habeas corpus, directed to the said W. R. McBryde, in the petition for which writ petitioner alleges that he was unlawfuly restrained of his liberty. The writ was issued, returnable before S. W. Burkett, judge of probate. Pending the return of the writ, W. R. McBryde, acting under section 6942·of the Code of 1907, made affidavit as required by law, charging the petitioner with being a fugitive from justice from the state of New Jersey, and that in that state he was under indictment on a charge of felony, upon which capias had issued, and, acting under section 6941 of Code 1907, the magistrate before whom the affidavit was made issued a warrant for the arrest of petitioner on the charge as laid in the affidavit. On September 24, W. R. McBryde made return to the writ of habeas corpus by producing the person of petitioner in court, and alleged that he was holding him for delivery to the proper authorities of the state of New Jersey, to answer an indictment in said state charging petitioner with a felony, and also that a warrant had issued from the New Jersey court on said indictment and was then in his hands, and was in his hands at the time of the arrest and imprisonment of petitioner, both of which papers, duly authenticated, were attached to the answer. The officer also answered that he had in his hands a warrant issued by the probate judge of Houston county, charging petitioner with being a fugitive from justice, and under sections 6941 and 6942 of the Code of 1907, and copies of this affidavit and warrant were attached to the answer.

[1] The petitioner being charged with a felony in the state of New Jersey, and having fled therefrom to this state, the statutes provide for his apprehension and detention to await a requisition from the executive of the state in which the crime was committed and the issuance of the warrant of the Governor of this state. Code 1907, § 6939 et seq.; Cunningham & Sons v. Baker Peterson & Co., 104 Ala. 160, 16 South. 58, 53 Am. St. Rep. 27. With the exemplified copy of the indictment from the state of New Jersey charging a felony and the warrant issued thereon in his possession, the officer would be justified in believing that the felony had been committed, and, if the petitioner was properly identified as being the party named in the indictment and warrant, the chief of police of Dothan, Ala., being an officer authorized to make arrests, would have been authorized to arrest petitioner and detain him a reasonable time to await the proper warrant from the Governor of Alabama, authorizing his extradition, also.

[2] A warrant having been issued in this case under sections 6941 and 6942 of the Code of 1907, authorizing the arrest of petitioner on a charge of being a fleeing felon, a petition for habeas corpus will not lie, before an investigation of the charge, unless the investigation is unnecessarily delayed. Section 6943, Code 1907.

The judgment, therefore, in the case, denying the relief and dismissing the petitioner, is without error, and that part of the judgment is affirmed. But the judge had no authority to remand the custody of the defendant to the agent of the state of New Jersey, but should follow the requirements of section 6943, Code 1907. The judgment dis-

⬡=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

missing the petition is affirmed, and the judgment fixing custody is reversed, that the same may be rendered in accordance with the foregoing.

This case is differentiated from the case of Ex parte Richard Neal, 4 Div. 773 (Ala. App.) 92 South. 510,[1] in that in the Neal Case the petitioner was in no way identified with the party named in the indictment and warrant, while in the instant case no such question is involved.

Affirmed in part, and reversed in part.